Good morning, Your Honor. May it please the Court, Amber Finch appearing pro bono on behalf of Petitioner Pedro Hernandez-Cruz. At this time, I'd like to reserve two minutes for rebuttal. Sure. Try to keep your voice up. Will do. Thank you, Your Honor. This case involves the validity of a removal order for a 53-year-old lawful permanent resident who pled guilty to two violations of the California Penal Code, Section 459, when he walked out of two supermarkets with food and beverage items in his cart, valuing $42 on the one hand, $68 on the other hand, items of which he ultimately did not take. In both instances, the immigration judge and the Board of Immigration Appeals erred in concluding that these two offenses constituted aggravated felonies. He didn't take them because he was apprehended first. I'm sorry? He didn't take them because he was apprehended first. Not necessarily, Your Honors. In the first instance, he walked out of the store and, change his mind, left. In the first instance – excuse me, in the second instance, yes, he was stopped. That's correct. But in either instance, it doesn't matter because the IJ and the BIA erred in concluding that these two offenses were aggravated felonies and crimes of moral turpitude, prompting an order for removing him from his home for 30 years to accompany him. Now, either one would have been sufficient, either the two crimes of moral turpitude or one aggravated felony, right? That's correct, for purposes of removal. So you have to prove both. That's correct. All right. And I will demonstrate that the facts in this case and the precedent handed down by this Court demonstrate that reversal of the removal order is mandated for four reasons. Today, I will focus my discussion on the threshold issue that Mr. Hernandez-Cruz's rights were violated because a charging document failed to notify him of the relevant conduct triggering the removal proceedings. The remaining three grounds for reversal are adequately addressed in the briefs, and unless this Court has any specific questions, I will submit on the briefs as to those issues. Well, I actually do have some on the issue of whether they were aggravated felonies on the intent and whether there was a substantial step taken in the unlawful entry, given what the BIA focused on. But if you want to talk about the due process for a bit, just be sure you come back to that. Will do, Your Honor. With respect to the due process, the argument is straightforward. The removal order was predicated on a charging document that didn't sufficiently notify him of the underlying conduct supporting the charges. The charging that the requirements for the notice, the charging documents are clear. They have to contain, one, the nature of the proceedings against the individual, the legal authority under which the proceedings are conducted, three, the acts or conduct alleged to be in violation of the law, and four, the charges against the individual and the statutory provisions alleged to have been violated. But is this true with regard to both the aggravated felony and the CIMTs? Yes, that's true. Why? Because it's in the charging documents with regard to the – I mean, your problem with regard to the aggravated felony is that the second set of charging documents didn't say which one of the two offenses was the aggravated felony, but both of them were the CIMTs, so what's the problem? Well, the problem in this case is the charging document for the aggravated felony offense for which the remove order was issued relates only to aggravated felonies. Okay. And in this instance, the problem there is at the time that this, the additional admissibility – inadmissibility or deportation form was handed to Mr. Cruz, the original first round of removal proceedings had already occurred, and the BIA had already gone up to the BIA and the BIA had thrown out the issue where the original charging document for – But what about the crimes of moral turpitude? Crimes of moral turpitude was a different issue. But they're independently sufficient, right? They are independently sufficient. So what's the problem? The problem in this instance – As a due process matter. Yes. If the process was adequate on the CIMTs and the conclusion was adequate on the CIMTs, the aggravated felony wouldn't matter. That's assuming, Your Honor, that the removal order for purposes of the CIMT was appropriate. In this instance, we argue that it was not for the reasons set forth in the brief. Right. So you have to get to the substantive question no matter what. Absolutely you do. This is just a threshold issue, Your Honor, and there are four reasons, and yes, I agree that I have to demonstrate that the aggravated felony offenses were not – the rulings was not appropriately concluded, as well as with respect to the CIMTs. I agree that I have to meet both instances. So what's the point of a due process argument? Well, because, Your Honor, you know, the due process requirements are important, it's clear that the United States Supreme Court has held over half a century ago – Well, I understand it, but it's not going to dispose of this case. It will not. Even if we agree with you. I agree that it will not dispose ultimately of the CIMT issue. It will, however, dispose of the aggravated felony issue. Okay. If there is a ruling by this court – All right. So do you want to explain to us why the CIMTs are not sufficient? I'd be happy to do that, Your Honor. Okay. I understand that there are two issues that we want to address, one being the substantial step issue as well as the CIMTs. Does Your Honor have a preference as to which – Just dive in. Okay. I'm running out of time. With respect to the CIMTs issue, the issue here is, again, it's a due process issue, that Mr. Hernandez-Cruz was required to a full and fair hearing on his due process merits. In this instance, in particular, what was important about these particular offenses were that the evidence and the record is very clear that they were as a result of his alcoholism disease. However, when it became time for him to show – even assuming that there was a CIMT finding here and that that finding was correct, even assuming that that case was there, he applied for a cancellation of removal, which in this case he did not have a full and fair hearing because the IJ outright objected the rehabilitation factors with respect to his sobriety. In particular, the IJ – All right. So you're not contesting the CIMTs on the merits at all? I am, Your Honor. Could you do that, please? I'm sorry. Could you explain that, please? Thank you. Yes. With respect to the CIMTs, it actually folds well with the aggravated felonies. The issue here is whether or not an attempted theft can be – can qualify as an aggravated felony in one instance or a CIMT on the other hand. The problem with – in both of these instances is that this Court has not sufficiently determined as to the facts in this case whether or not those would qualify as attempted thefts for purposes of finding an aggravated felony. In the first instance, with respect to aggravated felonies, the case – and I apologize if I mispronounce the name – Negev v. Muskie, the issue there – That's Mukasey. Mukasey, I apologize. That one you should know. Mukasey, I apologize. He was Attorney General. Yes. I apologize for that, Your Honor. The issue there, and the reason why there's a difference here, is because in that case you deal with vehicular burglary, whereas the substantial step occurring in that case involved the Petitioner entering into a lock- So what did the BIA focus on in terms of what constituted proof of an attempt? What was the substantial step that they identified? The BIA erroneously argued that – or found that the substantial step in committing the theft offense, or the attempted theft offense, was walking into the supermarket. And that's just incorrect, Your Honor. And there's absolutely no authority for that. And they attempted to cite two additional cases. Now, what happens if they were to have considered other evidence that was in the police reports which add additional facts? In other words, what if we were to agree with you on that and remand to the BIA to reconsider in light of the existing record whether there's something more that would justify or that could be found to be a substantial step? Why shouldn't we do that? Your Honors, I would be happy if this Court remanded and went back to the BIA to have them do it. However, my argument is that we need not do that because there is no additional evidence in the record. If you look at the police report- A substantial step? He put stuff in the basket and walked out the door. I mean, that's in the police report. The question is, is that relevant to our determination at this point? No, Your Honors. As to both issues, both as to the aggravated felonies as well as to the CIMTs, because you have – the issue here is the intent element.  There has to be unlawful intent to – excuse me, intent to commit larceny. But the intent is in the crime. The problem is that what isn't in the crime is anything other than walking into the store with intent. Well, the issue is that intent has to be with larceny. That's the problem here, Your Honors, is that if you look at the record, if you look at- But you're not making a substantial – your arguments are confusing me. I apologize. You're not making the substantial step argument. You're making an intent argument. No, no. The substantial step ties into the intent argument. Why? And that's the way that this Court in the case that I just cited, Negate v. Mukasey, held. And the substantial step there had to do with the Petitioner entering into the locked vehicle. Here, that substantial step is not – is just completely absent. Well, he walked into the store, and that is where – the crime is, as I understand it, walking into the store with the intent to rob it or commit another felony. Right? Correct. So there's – the intent problem, I gather, is that it wasn't clear whether he meant to commit a larceny or another felony? Correct. Okay. And – but there's not a problem in terms of – if we knew it was larceny, the step going into the store would be enough? If there was an intent to commit larceny at the moment that he walked into the door, yes, that would be sufficient. That would be sufficient. That's not what we have here, Your Honors. And that refers both to the aggravated felony issue as well as the CIMT issue. Sure. All right. All right. We've got a little time if you want. Sure. Well, if I may, just to go back to the threshold issue here with respect to the charging document, this is very important because the record demonstrates that the charging document itself is completely silent as to the specific charges against Mr. Hernandez-Cruz and the factual conduct – the factual conduct supporting that charge. And it's important that the government be made to do their job. Congress charged government with a specific basic due process requirement when it seeks to remove an LPR from this country. It has to notify the individual of the charges against it. The confusion here is part of the problem, Your Honors. The government simply failed to explain itself. It doesn't dispute it. It doesn't even try to try and make sense of it. Instead, it attempts to argue all of the reasons why it shouldn't be – why it should be excused for doing so. Removal is permanent, and due process requires that the government has to get it right. But what's the date of the charging document that you're talking about? If I may, Your Honor, just one moment. The charging document is on page 215 of the record, and that date is April 28, 2008. That is the date after remand of the first round of the removal proceedings. And unless there are any additional questions from the panel, I will close with that. All right. All right. Thank you. Thank you.  Sure. Good morning, Mr. General. Good morning, Ms. Finch, again. I was going to start with the aggravated felony finding, which I think is the most important issue of all the two crimes, because if the court finds that they are aggravated felonies, as you know, you lack jurisdiction to decide this entire case. But I think some of you may still be looking at the charging document issue, so I don't know if you want to talk about that first. Go ahead. Okay. In the brief, counsel says that Mr. Hernandez pleaded to a statutory charge. What I believe she's trying to attribute to our client is that he pleaded or he rendered a plea pursuant to People v. West. The problem with that is you have two charging document or, excuse me, two transcripts of the plea colleges, which indicate that he, in one, pleaded no contest, and that was stipulated to a factual basis based on the police reports. And that's in both. In the other you have he pleaded guilty, and that also was stipulated to a factual basis based on the police reports. Let me focus you in because the time goes by quickly. Okay. My problem with the aggravated felony is that the police reports, assuming they can be considered, show that there was a course of conduct. But the BIA said that, A, they assumed that there was intent to commit larceny, but you also have to have a substantial step. And the substantial step that they identified, and all they identified, was that he entered the store. And I can't find any authority where that could constitute a substantial step. What I would like to say is if what the police reports describe in both cases as --. That's what the police report said. I'm talking about what the BIA said. The BIA said it found that the substantial step was entering the store. That's all they said. And on the face of it, I can't find that to be supported by any precedent. Well, Your Honor, what counsel has stated with regards to the gap was that I should believe that the court found that the substantial step was simply that he had opened a locked vehicle. The statutory language simply was that. That was a locked vehicle. I'm sorry. That was a locked vehicle. That was a locked vehicle. This is a non-locked store. This is not a locked store. I'm sorry, what? This is not a locked store. But the statute simply requires that it be a locked vehicle. But there's no requirement that I believe in the brief she argues that because the locked vehicle is a crime in and of itself, and to be honest, I don't know what California statute criminalizes just entering a locked vehicle. But this is the question. Could somebody be convicted of attempted theft if all we knew was that he went into a supermarket intending to shoplift? I would say that because the police reports demonstrate that. I don't want to know about the police reports. I want you to answer my question. Yes, I do think so at the time. It's not simply that the person entered the store. That's what I'm asking you. That's what the BIA said. That's all they said. He entered the store with the intent to commit a felony. Let's be clear what the fact is that we're asking you about. I decide I'm going to shoplift a purse from Neiman Marcus. I walk into the store, and I change my mind. Okay. Okay. Now, has there been a substantial step that would justify my being arrested and convicted of an aggravated felony of attempted theft? Give me a case where walking into a retail store with the intent to commit larceny, but doing nothing more than walking into the store, doing nothing else. Store is open for business. What case do you have, under California law or otherwise, that says that qualifies as an aggravated felony? Well, I don't have a case for that. And I couldn't find one either. So that's my problem. The issue that you have here, as counsel conceded, is he committed theft. Did he not? In both cases, he committed theft. Counsel, the BIA, all we're reviewing is what the BIA said. That's all we can look at. This is also a legal issue, is it not? The legal issue is that on the fact, on the legal articulation of the BIA, no. There's no legal authority to find that to be attempted theft. He would have had to have done something more, and I'm trying to understand where do we go for that. The fact that he entered the store doesn't mean anything. He goes into the store and he wants to shop around or whatever it is, and then when he's there, he changes his mind. Well, there's one he didn't change his mind, did he? He actually completed the offense, and it's the same as in the gap. The person had completed the offense, and the court never actually decided what order to substantiate. You have to enter with the intent to commit the crime, the felony. And you don't have that here. Actually, you do, Judge. If you recall from the gap, the petitioners made the same argument. We don't know what the substantial step is, and the court said, well, hey, and I had listened to the arguments, and as I recall, one of the judges, I won't say who, specifically mentioned that since he had committed the offense here, it's sufficient for our purposes that he simply entered the locked vehicle with the intent to commit the crime. But it was locked. I mean, if this person had gone into a locked supermarket, we'd be dealing with a different problem. Well, I mean, at the same time, then, you're talking about an inquiry offense. You're looking for a breaking and an entering, but there's no breaking and entering. No, but in terms of finding a substantial step towards an attempted theft, one assumes people don't go into locked cars, objectively speaking. Your Honor, we enter locked cars every day, don't we? We unlock our car. Well, I assume this means he didn't go into the locked car by opening it with a key, but I'm not sure about that. Well, I mean, the statute doesn't require it. Counsel, do you not make a distinction between going into a locked department store and an open department store? Well, no, I don't make the distinction. You do. There you're talking about a burglary offense. You're not talking about an attempted theft offense, correct? The question is whether the substantial step is anything more than an innocent act. Well, Your Honor, I'm sorry. Okay, you answer whatever I'm about to say. No, go ahead. Go ahead. Okay, well, there's no requirement that the we're saying that it's a locked vehicle. There's no a locked vehicle. If you go outside in the parking lot outside and you go into a locked vehicle, you may be committing a lot of offenses, but it would also be attempted that you could satisfy the substantial step, because it isn't your car and you're not opening it with your key. So to say that we open our locked cars with a key is nonresponsive. We're talking about the facts of that case. They went into a locked vehicle. That shows all sorts of substantial effort to commit a crime. To walk into a store that's open for business doesn't tell us anything about a substantial step. And as the court stated in the gap, these cases are highly fact specific. What you have here is a gentleman who testified that. You know, counsel, you're going to wander all around it, but the BIA said that the substantial step was walking into the store. That's all they said. I don't care what else they could have said. And, Your Honor, the. . . And you're going to keep talking over me. So we're not going to communicate. So I guess we'll have to communicate in writing. So you have to listen to what the judges say. I'm not. So I have a question. Yes, please. Moving away from this for the moment, why were these CIMTs then? Because. . . Let's assume that it was not attempted theft. Could it be a CIMT? Was it a CIMT? That it was not attempted theft. It was not attempted theft. If it was attempted theft, you don't need the CIMTs. Let's assume it wasn't attempted theft. Well, I mean, at that point, you would have a Duenas-Alvarez problem because we don't know what other. I know in the gaffe, one of the examples was that it could be. . . you could enter with the intent to commit arson, right? Arson, I think, would be a CIMT. You could enter with the thought of using fraudulent food stamps or something like that. Well, let's assume for the moment that he entered with the attempt to commit theft, but it wasn't. . . larceny, but it wasn't attempted theft. Is that a CIMT? That would definitely be. . . This Court, and I have at least four cases, Cuevas-Gaspar, Castillo-Cruz. I mean, all those. . . petty theft is. . . No, but it wasn't theft. It wasn't theft. We know it wasn't theft. The question is if it was entering an open store with an intent to commit larceny, which also has its own problems because it was larceny or other felony. But let's assume it was larceny for the moment. Is that a CIMT? What case do you have for that? Let me clarify. Are you saying that it's just the intent and there's no substantial step? Right. Okay. I would say that that is. . . You would say it. I'd like to know why. The moral turpitude inheres in the intent. It's not just the act. And the fact that you're going in intending to commit a crime involving moral turpitude, as the Board has held, and retail theft, larceny, is a crime involving moral turpitude. As the Board has held, the lack of moral turpitude inheres in the intent, not in the act itself, which is why an attempt could be a crime. It's an inchoate. It could be a crime involving moral turpitude. It doesn't have to be a completed offense. Are there any other issues that the Court wants to address before I sit? Other than that, I'll rest on your brief. I don't think so. All right. For the reasons stated in our brief, I would ask that the Court dismiss the petition for review in its entirety. All right. Now, both sides have used your time, and I don't think any of us have any further questions. No? No, you've used your time up, you know. Okay. All right. We'll go to the next matter. And let's see. That's Item 4 on the calendar, Blanca Collins v. John Potter, Postmaster General. And that's submitted on the briefs. And International Business Properties v. County of Riverside. That's submitted.
judges: Pregerson, Fisher, Berzon